IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
TRENTON

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>    )<br>    Plaintiff,    )<br>    )<br>    v.    )<br>    )<br>JEAN DOE,    )<br>as the executor of the estate of    )<br>MURRAY MALEH    )<br>    )<br>    Defendants.    )<br>    ) | Civil No. 3:20-cv-06293 |

## COMPLAINT

Plaintiff, the United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to collect the civil penalties assessed against Murray Maleh under 31 U.S.C. § 5321(a)(5)(C)(i) for his willful failure to report his interests in foreign bank accounts for the 2011 and 2012 calendar years.  In support of this action, the United States alleges as follows:

### Jurisdiction and Venue

1.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355(a) because it arises under a federal statute, the United States is a plaintiff, and the action seeks to recover civil penalties assessed under 31 U.S.C. § 5321(a)(5).

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(2)-(3), because Maleh Murray was a resident of this district at the time of his death, the likely executor or administrator of Maleh's estate will reside in this district, and the property is likely subject to collection is located in this district.

### Parties

3. Plaintiff is the United States of America.

4. Murray Maleh was the person against whom the IRS assessed penalties due to his willful failure to file Foreign Bank Account Reports in the 2011 and 2012 calendar years.  Maleh died on January 22, 2014, and his last known residence was 83 Roseld Avenue, Deal, New Jersey 07723 in Monmouth County.  On information and belief, no probate estate has yet been opened for Maleh.  Upon the opening of an estate, the United States intends to amend the complaint to name the administrator or executor of the estate as the real party in interest.

### Regulatory Background

5. Section 5314 of Title 31, United States Code, authorizes the Secretary of the Treasury to require United States citizens (among others) to report certain transactions with foreign financial agencies.  Under one of the statute's implementing regulations (31 C.F.R. § 1010.350), each United States person having a financial interest in, or signature or other authority over, a bank,

securities, or other financial account with a balance of $10,000 or more in a foreign country shall report such relationship to the Internal Revenue Service ("IRS") for each year in which such relationship exists.

6. For calendar years 2012 and prior, a person met this reporting requirement by filing a Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, commonly known as an "FBAR."

7. For the years at issue, an FBAR was due no later than June 30 of the year following the calendar year at issue with respect to foreign financial accounts that had an aggregate value greater than $10,000. 31 C.F.R. § 1010.306(c).

8. Section 5321(a)(5) of Title 31, United States Code, authorizes the imposition of civil penalties for the willful failure to comply with the reporting requirements of § 5314. Specifically, § 5321(a)(5)(C) provides for a maximum willfulness penalty in the amount of the greater of $100,000 or 50% of the balance in the accounts at the time of the violation.

9. The penalty provided by 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties under 31 U.S.C. § 3717.

**MURRAY MALEH WILLFULLY FAILED TO REPORT HIS INTEREST IN FOREIGN FINANCIAL ACCOUNTS**

10. Maleh was born in the United States and remained a United States citizen until his death.

11. Maleh was a part-owner of a child apparel business (Cradle Togs, later renamed the Children's Apparel Network).

## Atlas Capital Account

12. On information and belief, beginning sometime in the 1980s Murray Maleh, along with his wife Linda Maleh, maintained an interest in a bank account at Bank Safdie in Switzerland.

13. On or about June 9, 2006, Murray Maleh (by himself and in concert with his agents) transferred $4,017,975 from the Malehs' Bank Safdie account to the Swiss bank, Atlas Capital, SA. These funds were deposited into an account titled in the name of Wedmore Investors, SA.

14. Wedmore Investors SA is a non-operating Panamanian company, whose purpose was to disguise Murray and Linda Maleh's financial interest in the funds described in the preceding paragraph.

15. Notwithstanding the transfer of funds to Wedmore Investors SA, Murray Maleh retained an interest and actual control over such funds deposited in the Atlas Capital, SA account.

16. On December 31, 2010, the balance in the Atlas Capital, SA account was $2,126,279.04.

17. On December 31, 2011, the balance in the Atlas Capital, SA account was $2,079,854.75.

16706471.3

18.  On June 14, 2012, the balance in the Atlas Capital, SA account was at least $1,897,657.89.

19.  On information and belief, Maleh did not transfer money out of his Atlas Capital, SA account between June 14, 2012 and June 30, 2012.

### Bank Hapoalim Account

20.  In April 2009 Murray Maleh (by himself or in concert with his agents) transferred a total of approximately €807,816.23 from Atlas Capital to a bank account at Bank Hapoalim in Israel. On December 16, 2012, Murray Maleh transferred a total €34,239 from Atlas Capital to the same bank account at Bank Hapoalim.  These transfers were made for the purpose of disguising Murray and Linda Maleh's interest of the funds.

21.  On information and belief, the account at Bank Hapoalim referred to in the preceding paragraph was titled in the name of a third-party who was holding the transferred funds for the benefit of Murray Maleh and his wife. Despite the transfer, Murray Maleh retained an interest in the funds held in the Hapoalim account.

22.  On information and belief, Maleh did not withdraw funds from the account at Bank Hapoalim since making the original deposits in 2009. Accordingly, the balance in the bank Hapoalim Account was in excess of €807,816.23 as of June 30, 2012 and at all times thereafter.

23. €807,816.23 was worth approximately $1,015,950 as of June 30, 2012.

## Maleh's Failure to file FBARs

24. Notwithstanding his interest and control over foreign financial accounts containing more than $10,000, Maleh did not timely file FBARs or otherwise disclose to the IRS the interest in the Swiss and Israeli bank accounts that he held in 2011 and 2012 calendar years.

25. Maleh, through has Certified Public Accountant, filed federal income tax returns (IRS Forms 1040) Schedule B every tax year between 2005 and 2010. On each return, the Schedule B asked "At any time during [the tax year] did you have a financial interest or signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?" In each case, the response to this question on Maleh's schedule B was "No."

26. Maleh, through has Certified Public Accountant, filed federal income tax returns (IRS Forms 1040) Schedule B for the 2011 tax year. Although Maleh acknowledged an interest in a foreign account by checking the box "Yes" on the 2011 Schedule B, his subsequently filed FBARs did not list either his interest in the account with Atlas Capital or Bank Hapoalim. Instead, his FBAR listed only an account in Canada.

27. Maleh willfully failed to file complete and accurate FBARs for the 2011 and 2012 calendar years; alternatively, given his resources and his financial sophistication, Maleh knew or clearly ought to have known that there was a grave risk that he was not complying with his reporting obligations, and he could have found out for certain very easily.

## JUDGMENT FOR CIVIL PENALTIES
### (31 U.S.C. § 5321(a)(5))

28. The United States incorporates paragraphs 1 through 26 as if fully set forth herein.

29. On May 8, 2018, a delegate of the Secretary of the Treasury issued a notice of a proposed assessments for the willful failure to file complete and accurate FBARs for the 2011 and 2012 calendar years (IRS Letter 3709). The letter was sent to Maleh's purported representatives.

30. On May 25, 2018, a delegate of the Secretary of the Treasury assessed civil penalties against Defendant Maleh under 31 U.S.C. § 5321(a)(5) for his willful failure to timely file FBARs in connection with his accounts at Atlas Capital and Bank Hapoalim. These assessments included:

   a. $1,063,140 arising from his failure to file an FBAR for the 2011 calendar year for his interest in account XX2632 at Atlas Capital in Switzerland;

    b.    $327,955 arising from his failure to file an FBAR for the 2011 calendar year for his interest in his nominee's account at Bank Hapoalim, in Israel.

    c.    $100,000 arising from his failure to file an FBAR for the 2012 calendar year for his interest in account XX2632 at Atlas Capital in Switzerland; and

    d.    $100,000 arising from his failure to file an FBAR for the 2012 calendar year for his interest in his nominee's account at Bank Hapoalim, in Israel.

31.    On June 1, 2018, a delegate of the Secretary of the Treasury sent notice (Letter 3708) of the May 25, 2018 assessments to Maleh's purported representatives and demanded payment of the assessments. The letter advised Maleh's purported representatives of their post-assessment right to have the assessments reviewed by IRS Office of Appeals.

32.    On June 7, 2018 and June 27, 2018, the IRS received duplicate written protests from Mr. Maleh's purported counsel requesting that the I.R.S. reverse its determination of FBAR penalties and requesting a conference with the IRS Office of Appeals.

33.    The IRS Office of Appeals ultimately determined that the protest was not valid.

34. Despite notice and demand for payment, Maleh (or his estate, if one exists) have failed to fully pay the penalties assessed against him.

35. Interest and penalties have accrued and will continue to accrue on the penalties described in paragraph 18 above pursuant to 31 U.S.C. § 3717 until they are paid in full.

36. As of May 21, 2020, Defendant Maleh is indebted to the United States with respect to the assessments described in paragraph 29 above in the amount of $1,812,932.88, plus statutory interest that continues to accrue thereafter as provided by law.

/
/
/
/
/
/
/
/
/
/
/
/

16706471.3

WHEREFORE, the United States asks that the Court:

A.  Find that Maleh willfully failed to file complete and accurate FBARs for the 2011 and 2012 calendar years as required by law;

B.  Award the United States judgment against the estate of Murray Maleh in the amount of the FBAR penalties assessed against Maleh totaling $1,812,932.88, except to the extent those amounts exceed the statutory maximum under 31 U.S.C. § 5321(a)(5)(C) if so determined by the Court in accordance with law, plus interest and additional penalties as allowed by law from May 21, 2020, to the date of payment;

C.  Award to the United States its costs of prosecuting this action; and

D.  Grant such other and further relief as the Court deems just and equitable.

Date: May 22, 2018

          RICHARD E. ZUCKERMAN
          Principal Deputy Assistant Attorney General

          */s/ RJ Hagerman*
          RICHARD J. HAGERMAN
          Trial Attorney, Tax Division
          U.S. Department of Justice
          Post Office Box 227
          Washington, D.C. 20044
          Tel.: (202) 598-7827
          Fax: (202) 514-6866
          Richard.J.Hagerman@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | ❏ 820 Copyrights | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 830 Patent | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 850 Securities/Commodities/ Exchange |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.